MILTON CHEMICAL CO. v. JORDAN MARSH CO.

(District Court, D. Massachusetts.  October 28, 1913.)

No. 421.

**PATENTS (§ 328\*)—NOVELTY—CLEANING AND POLISHING APPARATUS.**

The Burns patent, No. 991,131, for a cleaning and polishing apparatus, consisting of a fibrous material having its surface treated with a drying oil and also a nonspontaneously combustible element, is void for lack of patentable novelty.

In Equity.  Suit by the Milton Chemical Company against the Jordan Marsh Company.  On final hearing.  Decree for defendant.

Ellis Spear, Jr., of Boston, Mass., for complainant.

Daniel A. Rollins, of Boston, Mass., and Charles W. Hills, of Chicago, Ill., for defendant.

DODGE, Circuit Judge.  The plaintiff owns United States patent 991,131, issued May 2, 1911, to Peter S. Burns, for a cleaning and polishing apparatus.  Its bill charges infringement by the defendant. The defenses set up are want of patentable novelty, anticipation, and noninfringement.

The patent has one claim only, as follows:

"A cleaning and polishing apparatus, containing a fibrous absorbent cleaning and polishing material, having its surface fibers rendered sufficiently oily with a drying oil to absorb finely subdivided dirt in the process of cleaning, without liability to soil or render oily the object being cleaned, and impregnated with a controlling amount of non-spontaneously combustible ingredients. rendering the impregnated oily fibrous material non-spontaneously combustible as a whole."

What the invention claimed seeks to effect is stated in the preceding specification to be to provide an apparatus capable of absorbing dirt, dust, etc., taking it up, and holding it within itself, yet in such a way that the more or less oily and otherwise inflammable body will not spontaneously ignite, as its dense nature would make it liable to do.

This is to be accomplished, according to the specification, by using fibrous material having an oily dust-absorbing surface containing a non-combustible element, or otherwise having a non-combustible character.

The preferable way to accomplish it is stated to be to impregnate the fibrous material with a compound of rape-seed oil, or other heavy, absorbent, drying or semi-drying oil (which would be spontaneously combustible), and a considerably larger proportion (so as to be "controlling" according to the claim) of some non-spontaneously combustible oil.  The drying or semi-drying oil is to be mixed with the larger proportion of non-spontaneously combustible oil, and the fibrous material is to be impregnated with the mixture.

The patent discloses no method of treating the surface fibers of the material any differently from its other fibers.  If the whole material is treated with the mixture, of course the surface fibers will be treated

---

with it. Nor does the patent disclose any other method of rendering the surface fibers oily enough to absorb the dirt, and not oily enough to soil the object being cleaned, except the obvious one of using enough oil to produce this result, but not too much. In all this it can hardly be claimed that there is any invention displayed.

No other "non-spontaneously combustible ingredient" is anywhere indicated in the patent, except an oil having that character. The defendant's fibrous material is impregnated with a mixture of oils having respective qualities and in respective proportions which, for all material purposes, may be regarded as the same as those mentioned in the patent; and if the patent is valid, I should regard the defendant's apparatus as infringing it.

But beyond the matters above mentioned, which I have regarded as displaying no invention, all that the claim covers is the use, in the mixture wherewith the fibrous material is to be impregnated, of such a proportion of non-spontaneously combustible oil as will be controlling with regard to the proportion of drying or semi-drying oil used, and will thus avoid the liability to spontaneous combustion of the impregnated material.

I think the evidence shows (1) that when the patent was applied for the fact that spontaneous combustion could be avoided by a mixture of oils such as the patent describes was and had been for a long time a matter of general knowledge, among oil men and chemists; (2) that various furniture polishes, composed of similar mixtures and so composed for the purpose of avoiding spontaneous combustion, had long been known and used; (3) that the use of such mixtures in cleaning or polishing by impregnating rags, cotton waste, or other fibrous material with them, was old and well known. In view of all this, I am unable to see that the patent claims anything that was not old or well known.

The plaintiff says that the completed mop of the patent is a "commercially permanent" article, while there is no proof that any of the various forms of fibrous material before used were so; also that the reason of this permanency lay in the co-action of the two kinds of oil, whereby, besides being safeguarded against spontaneous combustion, the drying oil in the surface fibers was kept by the co-action of the non-drying oil upon it, while dry, in a continuously "tacky" state, and thus more effective for absorbing dirt. Except in the provision that a drying oil is to be one ingredient, I find no hint of all this in the patent; nor do I see why this would not be true of the various fibrous materials previously used, when impregnated with the mixtures previously used containing the drying oil as one ingredient. The fibrous materials thus impregnated being safe against spontaneous combustion, I do not see how it can be said that they were not permanent so long as any one chose to keep them, and it will hardly be claimed that there was invention in making them of such size or shape that they could be more conveniently kept or used.

Being unable, for the above reasons, to find any patentable novelty in the patent, I must enter a decree dismissing the bill, with costs.